1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | | |
|---|---|---|
| LAN K. VO, | ) | Case No. CV 06-2670 (OP) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

17
18
19

The Court[2] now rules as follows with respect to the sole disputed issue listed in the Joint Stipulation ("JS").[3]

20

————————————————

21
22
23

[1] Michael J. Astrue, who was sworn in as the Commissioner of the Social Security Administration on February 12, 2007, is substituted as the Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

24
25

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action.  (See Dkt. Nos. 10, 11.)

26
27
28

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1
2

# I.

## PROCEEDINGS

3   On May 2, 2002, Plaintiff filed an application for SSI benefits alleging
4   disability due to, <u>inter alia</u>, arthritis, migraine, lower back pain, stomach ulcers,
5   depression, anxiety, insomnia, and general body pain.  (AR at 105-14, 138.)  The
6   application was denied initially and again on reconsideration.  (JS at 2; AR at 105.)
7   On May 15, 2003, an initial hearing was held.  (AR at 52.)  On August 29, 2003, the
8   ALJ issued an unfavorable decision.  (<u>Id.</u> at 63.)  On October 23, 2003, Plaintiff
9   timely filed a Request for Review of the Hearing Decision.  (<u>Id.</u> at 92.)  On November
10  20, 2003, the Appeals Council vacated the decision and remanded the case to the ALJ
11  for further proceedings.  (<u>Id.</u> at 94.)

12  Prior to the further hearing date of April 8, 2004, additional medical evidence
13  was submitted to the ALJ.  (<u>Id.</u> at 76.)  On April 30, 2004, the ALJ again issued an
14  unfavorable decision.  (<u>Id.</u> at 80-81.)  On June 30, 2004, Plaintiff timely filed a
15  Request for Review of the Hearing Decision.  (<u>Id.</u> at 96.)  On August 11, 2004, the
16  Appeals Council again vacated the decision and remanded the case to a different ALJ
17  for further proceedings.  (<u>Id.</u> at 102.)

18  Pursuant to the remand order, a hearing was held on July 28, 2005.  (<u>Id.</u> at
19  25.)  On August 23, 2005, the ALJ issued a decision determining that Plaintiff was not
20  disabled as defined in the Social Security Act and, therefore, was ineligible for SSI
21  benefits.  (<u>Id.</u> at 35.)

22  As reflected in his August 23, 2005, hearing decision, the ALJ found that
23  Plaintiff has the following "severe" impairments:  mild arthritis of the lumbar spine,
24  mild arthritis of the interphalangeal joints of the hands, and headaches.  (<u>Id.</u> at 34-35.)
25  Plaintiff also has medically determinable depression and mild anxiety which do not
26  "significantly limit her mental ability to do basic work activities."  (<u>Id.</u> at 35.)  The
27  ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to
28  perform work at the medium exertional level and could lift or carry up to fifty pounds

1  occasionally or twenty-five pounds frequently. (Id.)  The ALJ also determined that
2  Plaintiff was able to stand and/or sit for six hours in an eight-hour workday. (Id.)
3  Specifically, the ALJ stated that Plaintiff's "Mental functional capacity is
4  unrestricted." (Id.)  The ALJ determined that Plaintiff had no past relevant work,[4] was
5  a younger individual,[5] and was unable to communicate in English.[6]  (Id.)  The ALJ
6  found that Plaintiff had the RFC to perform "the full range of medium work."  (Id.)

7  　　Based on Plaintiff's RFC for medium work in conjunction with Plaintiff's age,
8  education, and work experience, the ALJ relied on the Medical-Vocational Guidelines
9  ("Guidelines") to determine whether Plaintiff was disabled. (Id. at 34); 20 C.F.R. §
10  404, subpt. P., app. 2.  The Guidelines set forth criteria by which a conclusion is
11  directed as to whether a particular plaintiff is disabled.  20 C.F.R. § 404.25.
12  According to the Guidelines, a younger individual, with limited or less education and
13  no previous work experience, is determined to be not disabled. Id.  For the foregoing
14  reasons, the ALJ concluded that Plaintiff was not under a period of disability as
15  defined in the Social Security Act at any time through the date of the ALJ's decision.
16  (AR at 35.)  Thus, Plaintiff was not entitled SSI benefits. Id.

17  　　Plaintiff filed a request for review with the Appeals Council (id. at 11), and on
18  March 3, 2006, the Appeals Council denied review, thereby making the decision of
19  the ALJ a final decision in this matter (id. at 7-9).  The timely filing of the current
20  action followed.

---

[4] Plaintiff has previously reported that since immigrating from Vietnam in 1984, she has been a housewife. (AR at 26.)  Although Plaintiff worked as a hair stylist and rice peddler for a period of time in Vietnam prior to 1984, there is no evidence of vocationally relevant work in the past fifteen years. (Id.)  Thus, Plaintiff has no past relevant work.  20 C.F.R. § 416.965(a).

[5] At the time of the ALJ's decision, Plaintiff was forty-nine years old or a "younger person." (AR at 26); 20 C.F.R. § 416.963(c).

[6] 20 C.F.R. § 416.964(b)(5).

3

## II.

## DISPUTED ISSUE

Plaintiff raises the following ground for reversal and/or remand:

Whether the Administrative Law Judge ("ALJ") properly evaluated

the recent evidence of Plaintiff's manipulative limitations?

(JS at 2.)

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## IV.

## DISCUSSION

**The ALJ Properly Evaluated the Recent Evidence of Plaintiff's Manipulative Limitations.**

Plaintiff contends that the ALJ improperly assessed her manipulative limitations by finding that she could perform the full-range of medium work with

1   no nonexertional limitations.  (JS at 3.)  Plaintiff contends that the ALJ's

2   assessment was improper for the following reasons:  a) the ALJ failed to present

3   clear and convincing rationale to reject the controverted evidence; b) the ALJ

4   relied on medical findings that were too remote in time to constitute sufficient

5   rationale to reject the controverted opinions; and c) the ALJ provided an

6   incomplete hypothetical to the vocational expert ("VE").  (Id. at 4-5, 7-8.)

7   Defendant contends that the ALJ provided specific, legitimate reasons, based on

8   substantial evidence, for rejecting the controverted medical opinions.  (Id. at 6.)

9   This Court agrees with Defendant's contentions.

10      **1.      The ALJ Sets Forth Specific and Legitimate Reasons, Supported**

11              **by Substantial Evidence in the Record, to Reject the**

12              **Contradictory Medical Opinions.**

13      Plaintiff contends that the ALJ improperly rejected the finding of the

14   consultative examiner, Dr. Nancy Hanna, regarding limitations in Plaintiff's

15   manipulative hand function.  (JS at 3; AR at 280.)  Plaintiff states that her treating

16   physician and other consultative examiners also opined that she had limited

17   manipulative functions.  (JS at 3-4.)

18      It is well-established in the Ninth Circuit that a treating physician's opinions

19   are entitled to special weight, because a treating physician is employed to cure and

20   has a greater opportunity to know and observe the patient as an individual.

21   McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating

22   physician's opinion is not, however, necessarily conclusive as to either a physical

23   condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747,

24   751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on

25   whether it is supported by sufficient medical data and is consistent with other

26   evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating

27   physician's opinion is uncontroverted by another doctor, it may be rejected only

28   for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

5

1996); <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record.  <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002); <u>Magallanes</u>, 881 F.2d at 751.

However, the Ninth Circuit also has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  <u>Thomas</u>, 278 F.3d at 957; <u>see also</u> <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1019 (9th Cir. 1992).  A treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted. <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 602 (9th Cir. 1999); <u>see also</u> <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997); <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995).  Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." <u>Andrews</u>, 53 F.3d at 1041; <u>Magallanes</u>, 881 F.2d at 751; <u>Miller v. Heckler</u>, 770 F.2d 845, 849 (9th Cir. 1985).

Here, Dr. Hanna examined Plaintiff and concluded that she "can do fine manipulation occasionally due to mild degenerative changes in both hands.  Gross manipulations can be done frequently."  (AR at 280.)  The ALJ, however, rejected Dr. Hanna's finding regarding manipulative limitations as follows:

> While there were some degenerative changes of the interphalangeal joints on x-ray, there were described as only mild.  Furthermore, examination of the hands did not reveal any abnormalities,

6

specifically no Heberden nodes or other deformities typically associated with significant arthritis of the fingers.  There was no swelling or tenderness or limitation of motion.  The previous examinations by orthopedic specialists were also negative with respect to the hands, and Dr. Hoang specifically noted that dextrous finger movements were intact.  With regard to the claimant's musculoskeletal impairments and the effect of those impairments on her ability to function, greater weight is given to the reports and opinions of the examining orthopedic specialists, neither of whom assessed any limitations in the claimant's ability to use her hands.

(AR at 29 (citations omitted).)

The Court finds these to be specific and legitimate reasons for rejecting Dr. Hanna's observation regarding Plaintiff's manipulative limitations.  Andrews, 53 F.3d at 1041; Magallanes; 881 F.2d 751; Miller, 770 F.2d at 849.  First, even Dr. Hanna described Plaintiff's hand limitations as mild, at best.  (AR at 277-280.) The ALJ also noted that previous orthopedic examinations did not conclude any limitations with respect to the Plaintiff's hands.  (Id. at 28-29.)  Specifically, the ALJ accurately summarized the contrary observations and conclusions provided by two orthopedic consultative physicians, Drs. Anh T. Hoang and J. Pierce Conaty, and the treating physician, Dr. Tuan Nguyen.  (AR at 28-29.)  By fairly interpreting Dr. Hanna's conclusions and detailing the previous examinations, the ALJ provided specific and legitimate reasons for rejecting Dr. Hanna's medical opinion regarding Plaintiff's manipulative limitations.

Plaintiff, nevertheless, argues that there is substantial evidence in the record that supports Dr. Hanna's conclusions.  This Court does not agree with Plaintiff's contentions.  Although Plaintiff described her periodic joint pain exacerbation to Dr. Hoang during her orthopedic examination (JS at 3; AR at 28, 156), Dr. Hoang

observed the following regarding Plaintiffs' hand and hand function:

> No significant tenderness is appreciated on palpation.  There is no
> deformity nor atrophy of intrinsic muscles of the hands noted.  Patient
> is able to make full fist bilaterally, bringing the tip of fingers to mid
> palmar crease.  Abduction and adduction of thumbs are full
> bilaterally.  Dextrous finger movement intact.  Average hand grip
> strength is:  Right 42 lbs./force - Left 40 lbs./force.

(AR at 158.)

While Dr. Hoang noted Plaintiff's description of pain, Dr. Hoang found no manipulative limitation in Plaintiff's hand or hand function.  (Id. at 156-61.) Additionally, the ALJ also incorporated Dr. Hoang's findings into the opinion stating, "In sum, Dr. Hoang described the arthritis of the lumbar spine as mildly significant, without substantial limitation of the low back.  Dr. Hoang stated, 'Based on clinical findings, it appears that the patient does not present work-related physical impairments.'" (Id. at 28 (citation omitted).)  There is no evidence that Dr. Hoang confirmed Plaintiff's description of her own manipulative limitation symptoms.

Plaintiff next states that Dr. Conaty described Plaintiff's hand grip strength as equal.  Plaintiff argues that usually the dominant hand has a stronger grip, and Dr. Conaty's finding is indicative of manipulative limitations in her hands and hand function.  (JS at 4; AR at 28, 220.)  Plaintiff again fails to provide the full context of Dr. Conaty's opinion regarding Plaintiff's hand muscle strength.  After observing equal grip strength, Dr. Conaty states, "I hand-tested the grip and found it essentially the same, but I question the effort."  (AR at 220 (emphasis added).) In fact, the ALJ acknowledged Dr. Conaty's doubt in the opinion by stating, "The examination was essentially unremarkable except for mild limitation and motion of the lumbar spine and cervical spine.  The examiner, J. Pierce Conaty, M.D.,

questioned the claimant's effort during the evaluation, notably on grip testing."
(Id. at 28.)  Regardless of Plaintiff's potential lack of effort during the grip strength test, Dr. Conaty still does not conclude that the equal grip strength is a manipulative limitation.  (Id. at 222.)  Thus, Dr. Conaty's observation does not aid Plaintiff in her argument that there exists substantial evidence in the record supporting Dr. Hanna's observations regarding manipulative limitations.

Lastly, Plaintiff asserts that Dr. Tuan Nguyen, the treating physician, opined that Plaintiff is unable to use her hands for repetitive actions such as pushing or pulling of arm control and fine manipulation.  (JS at 4; AR at 248.)  Although the treating physician's opinions are generally afforded greater weight, the ALJ properly rejected Dr. Nguyen's opinion as the medical conclusion was based on Plaintiff's own complaints of manipulative limitations, which were properly discounted by the ALJ.[7]  Morgan, 169 F.3d at 602; Sandgathe, 108 F.3d at 980; Andrews; 53 F.3d at 1043.  Additionally, the above opinions of the orthopedic consultative physicians, based on independent observations and findings, differed from Dr. Nguyen's conclusions.  In order to resolve this conflict, the ALJ provided:

> Treatment records from Tuan Nguyen, M.D., from January 2003 through January 2005, provided very little information, but nonetheless consistently revealed normal examinations based on the checked boxes on the clinic visit records . . . . Despite the normal examinations, and normal laboratory and diagnostic test results, Dr. Nguyen completed a physical capacities evaluation indicating that the claimant had work restrictions to a limited range of light work.  Dr. Nguyen did not provide any explanation of medical findings or other

---

[7] Indeed, Plaintiff does not dispute the ALJ's credibility determination.

1
2
3
4
5

> objective factors relied on in forming that opinion.  Rather, the
> assessment appears to be an accommodation to the claimant based
> soled on the subjective complaints to assist the claimant's attempts to
> obtain disability benefits.  In view of the lack of any objective
> support, the assessment of Dr. Nguyen is given little weight.

6
7
8
9

(AR at 28.)  Thus, the ALJ provided sufficient rationale for resolving the conflict between Dr. Nguyen's observations and other opinions of non-treating physicians and properly discredited Dr. Nguyen's medical opinion.  Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller, 770 F.2d at 849.

10
11
12

Based on the foregoing, this Court finds that the ALJ properly set forth specific and legitimate rationale, supported by substantial evidence in the record, for discounting Dr. Hanna's and Dr. Nguyen's medical opinions.

13
14
15

**2.      The ALJ Did Not Selectively Rely on Older Medical Opinions in Lieu of Recent Medical Opinions.**

16
17
18
19
20
21
22
23
24

Plaintiff further contends that the ALJ relied upon older medical opinions which were "too remote in time to constitute sufficient rationale" to support the rejection of Drs. Nguyen's and Hanna's findings regarding Plaintiff's manipulative limitations.  (JS at 4-5.)  Dr. Hoang's medical evaluation was conducted on June 24, 2002.  (AR at 156.)  Dr. Conaty's evaluation was conducted on June 27, 2003.  (Id. at 219.)  Dr. Nguyen's medical opinions were based on observing Plaintiff from June 9, 2003, through April 8, 2004.  (Id. at 247.)  Dr. Hanna's medical evaluation was conducted on February 17, 2005.  (Id. at 276.)  Thus, all of the medical evaluations occurred within a period of less than three years.

25
26
27
28

The ALJ may not selectively review the treating records to justify his decision in rejecting the treating physician's opinions.  Gallant v. Heckler, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (the ALJ cannot "reach a conclusion first, and

then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result."); <u>Reddick v. Chater</u>, 157 F.3d 715, 722-23 (9th Cir. 1988) (impermissible for the ALJ to develop evidentiary basis by "not fully accounting for the context of materials or all parts of the testimony and reports").

Here, the ALJ provided specific and legitimate reasons based on substantial evidence to discredit all or some of Dr. Hanna's and Dr. Nguyen's medical opinions, as described above.  Moreover, medical reports that are two or three years old are certainly not obsolete.  Thus, this Court finds that the older medical opinions were not too remote in time to constitute a sufficient basis for discounting the opinions of Drs. Nguyen and Hanna.

### 3. <u>Plaintiff's Contention that the ALJ Presented an Incomplete Hypothetical Is Irrelevant Due to the ALJ's Proper Reliance on the Medical-Vocational Guidelines</u>.

Plaintiff's final argument is that the ALJ impermissibly presented an incomplete hypothetical to the VE by failing to include Dr. Hanna's finding regarding Plaintiff's manipulative limitations.  (JS at 7.)

It is well established that the ALJ may rely upon either the testimony of a VE or by reference to the Guidelines to determine whether a plaintiff can perform work in significant numbers in the national economy.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101 (9th Cir. 1999) (<u>citing</u> <u>Desrosiers v. Sec'y of Health and Human Servs.</u>, 846 F.2d 573, 577-78) (Pregerson, J., concurring) (9th Cir. 1988)).  The Guidelines consist of tables, commonly referred to as "grids," that provide a "short-hand method for determining the availability and numbers of suitable jobs for a claimant."  20 C.F.R. § 404, subpt. P, app. 2; <u>Tackett</u>, 180 F.3d at 1101.  The ALJ may rely solely on the Guidelines when the relevant grid "<u>completely</u> and <u>accurately</u> represents a claimant's limitations.  In other words, a claimant must be able to perform the <u>full range</u> of jobs in a given category, i.e., sedentary work, light

11

work or medium work." <u>Tackett</u>, 180 F.3d at 1101 (citation omitted).  Where the Plaintiff suffers from significant nonexertional impairments, reliance on the grids is inappropriate and the testimony of the VE is required.  <u>Id.</u>, 180 F.3d at 1101; <u>see also</u> <u>Thomas</u>, 278 F.3d at 960; <u>Bruton v. Massanari</u>, 268 F.3d 824, 827 (9th Cir. 2000).

Social Security Ruling ("SSR") 83-15[8] defines nonexertional impairments as follows:

> Any job requirement which is not exertional is considered nonexertional.  A nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction.  Nonexertional impairments may or may not affect a person's capacity to carry out the primary strength requirements of jobs, and they may or may not significantly narrow the range of work a person can do.

(SSR 83-15.)

Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); 20 C.F.R. § 404.1569a(c).  Nonexertional limitations include difficulty in:  functioning because of nervousness, anxiety or depression; maintaining attention or concentration; understanding instructions; seeing or hearing; tolerating physical features of a work setting; and manipulative or postural functions (e.g., reaching, handling, stooping, or crouching).  20 C.F.R. § 404.1569a (c)(1).  Thus, a manipulative limitation of hands or hand functions may be a nonexertional

---

[8] Social Security Rulings are binding on ALJs.  <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1   limitation.

2       Here, the ALJ properly found that Plaintiff did not have significant

3   nonexertional impairments.[9]   As discussed above, the ALJ provided specific,

4   legitimate reasons supported by overall medical findings for properly discrediting

5   medical opinions suggesting that Plaintiff had any manipulative limitations of her

6   hand or hand functions.  Given that the ALJ found Plaintiff to have no

7   nonexertional limitations, the ALJ properly utilized the grids in the Guidelines to

8   determine that Plaintiff was not disabled.  Tackett, 180 F.3d at 1101.

9       Based on the foregoing, Plaintiff's argument that the ALJ provided the VE

10  with an incomplete hypothetical is irrelevant due to the ALJ's proper reliance on

11  the Guidelines.  Accordingly, the Court finds no error in the hypothetical posed to

12  the VE.

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18

19                                      V.

20                                   ORDER

21

22      [9] Even if the ALJ improperly discredited Dr. Hanna's medical opinion regarding
    occasional fine manipulation, there is still no consequence regarding the ultimate

23  outcome of the case, and the error would be harmless.  Parra v. Astrue, 481 F.3d 742,
    747 (9th Cir. 2007) (citing Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990))

24  (even where the ALJ's five-step analysis was unclear, an error that does not affect the
    ALJ's ultimate decision is harmless). "[M]ost unskilled medium jobs require gross use

25  of the hands to grasp, hold, and turn objects rather than use of the fingers for fine
    movements of small objects."  SSR 83-14.  Thus, even if Plaintiff was limited to

26  occasional fine manipulation, she would still be able to perform the full range of
    medium work.

27

28

                                      13

1

2

        IT IS HEREBY ORDERED THAT Judgment be entered affirming the
decision of the Commissioner, and dismissing this action with prejudice.

3

4

Dated:  March 26, 2008

5
                            HONORABLE OSWALD PARADA
6
                            United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28